UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Jeannette Porfiria Bidegain, | Case No. 2:26-cv-01757-CDS-EJY |
| Petitioner | **Order Denying Petition and Dismissing Case Without Prejudice** |
| v. | |
| The Eight Judicial District Court of Nevada, | |
| Respondent | |

Pro se petitioner Jeannette Porfiria Bidegain filed a petition for writ of habeas corpus (ECF No. 1-1) under 28 U.S.C. § 2254, an application to proceed *in forma puaperis* (ECF No. 1), a motion for special appointment USM for service (ECF No. 1-3), and an emergency motion for a temporary restraining order and preliminary injunction (ECF No. 1-4). This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1] For the reasons discussed below, I conclude that the petition is subject to substantial defects and summarily dismiss the petition.

**I.    Background**

Bidegain appears to challenge the plea agreement entered in her ongoing Nevada state case. *See State of Nevada v. Bidegain*, Case No. C-25-394371-1. She asserts that she was coerced into entering a guilty plea, that her right to self-representation was violated, and that there was an unreasonable warrantless search of her home.

**II.    Discussion**

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v.*

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

*Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). The rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

### A. *Younger* abstention

First, the petition improperly seeks federal judicial intervention in a pending state criminal proceeding. The *Younger* abstention doctrine prevents federal courts from enjoining pending state court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 53–54 (1971). The United States Supreme Court has instructed that "federal-court abstention is *required*" when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (emphasis added); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings). Irreparable injury does not exist if the threat to a petitioner's federally protected rights may be eliminated through his or her defense of the criminal case. *Younger*, 401 U.S. at 46.

Defendants in state criminal proceedings routinely allege that state charges violate their constitutional rights, including fundamental rights, which makes this a regular occurrence, not an extraordinary circumstance. Bidegain's situation is not different in substance from any criminal defendant facing potential loss of constitutional rights—including the most fundamental right, to liberty—in a pending criminal prosecution.

There is no indication that Bidegain will be unable to raise her federal constitutional concerns in the ongoing state proceedings. Bidegain's pretrial motion practice or defenses at trial may eliminate any threat to her federally protected rights. Because she faces no extraordinary or irreparable injuries, federal abstention is required at this time.

2

**B.  In custody requirement**

Second, a federal district court may only consider a habeas petition if the petitioner was in custody at the time of filing of the federal petition. *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (per curiam); *Bailey v. Hill*, 599 F.3d 976, 978-79 (9th Cir. 2010). Section 2241 provides the authority for granting habeas relief to a person "who is not in custody pursuant to a state court judgment" but rather who is in custody for some other reason, such as pretrial detention or awaiting extradition. *See White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004).

It does not appear that Bidegain is in actual physical custody as a pretrial detainee. *See* Pet., ECF No. 1-1 (Bidegain's filing from an out of custody address). Although actual physical custody may not be required for subject-matter jurisdiction, Bidegain has not shown that she was "in custody" within the meaning of § 2241 when she filed the petition. *See Maleng*, 490 U.S. at 490–492. Even as the Supreme Court has expanded the reach of the "in custody" requirement, it has consistently recognized a clear limitation: "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.* at 492.

Therefore, the boundary that limits the "in custody" requirement is the line between a "restraint on liberty" and a "collateral consequence of a conviction." *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998). In general, courts hold that the imposition of a fine or the revocation of a license is merely a collateral consequence of conviction and does not meet the "in custody" requirement. *Id. See also Dremann v. Francis*, 828 F.2d 6, 7 (9th Cir. 1987) (per curiam).

**III.    Conclusion**

I therefore order that petitioner Jeannette Porfiria Bidegain's petition for writ of habeas corpus **[ECF No. 1-1] is denied** and this action is dismissed without prejudice.

I further order that petitioner is denied a certificate of appealability, as jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.

I further order that petitioner's application to proceed *in forma puaperis* [ECF No. 1] is **granted**.

I further order that petitioner's motion for special appointment USM for service [ECF No. 1-3] and emergency motion for TRO and preliminary injunction [ECF No. 1-4] **are denied**.

I further order that pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court will make informal electronic service upon the respondents by adding Nevada Attorney General Aaron D. Ford as counsel for the respondents and to provide the respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. No response is required from respondents other than to respond to any orders of a reviewing court.

The Clerk of the Court is kindly directed to enter final judgment accordingly and close this case.

Dated: July 6, 2026

_____
Cristina D. Silva
United States District Judge

4